## MANHATTAN TOP & BODY CO. v. BOYMANN.

(Supreme Court, Appellate Term, First Department.    November 8, 1912.)

1. CONTRACTS (§ 212*)—TIME OF EXECUTION.

Where a contract to install an elevator failed to provide the time within which it was to have been installed, it will be held that it was to have been installed within a reasonable time from the date of the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 944–955; Dec. Dig. § 212.*]

2. CONTRACTS (§ 237*)—EVIDENCE (§ 445*)—WRITTEN AGREEMENTS—PAROL EVIDENCE.

In an action for damages from failure to install an elevator under a written contract which failed to provide for the time within which it

was to have been installed, evidence of a subsequent oral agreement under which the defendant agreed to complete the work within three weeks was inadmissible, because it tended to vary the terms of the written agreement, and because the oral agreement was without consideration.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1119–1122; Dec. Dig. § 237;* Evidence, Cent. Dig. §§ 2052–2065; Dec. Dig. § 445.*]

3. APPEAL AND ERROR (§ 1064*)—PREJUDICIAL ERROR—INSTRUCTIONS.

In an action for breach of a written contract, an instruction that predicated the liability of a defendant upon a finding of the making of a subsequent oral contract, which lacked consideration, and the evidence of which was improperly admitted, was erroneous and prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Manhattan Top & Body Company against Herman Boymann. Judgment for plaintiff, and defendant appeals. Reversed.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

William C. Relyea, of New York City, for appellant.

Nathan Vidaver, of New York City (George N. Boehm, of New York City, of counsel), for respondent.

SEABURY, J. [1] The defendant is the landlord of this plaintiff, which brings this action to recover damages for the alleged breach by the defendant of a contract to install an elevator in the premises leased by the defendant to the plaintiff. The written contract, under which the defendant agreed to install an electric elevator, did not provide for the time within which the elevator was to have been installed. It follows, therefore, under the familiar rule, that the elevator was to have been installed within a reasonable time from the date of the contract.

[2] Against the objection and subject to the exception of the defendant, the learned court below permitted the plaintiff to prove a subsequent parol agreement, under which, as the plaintiff claims, the defendant agreed to complete the work of installation within three weeks from the making of the contract. The reception of this evidence was erroneous, first, because it tended to vary the terms of the written agreement; and, secondly, because, having been made after the original agreement, there was an absence of consideration, fatal to its existence as a contract.

[3] The court below left to the jury the question whether the second agreement, that the work was to be performed within three weeks, was made, and charged the jury that, if they found that this agreement was made, the plaintiff should recover. This charge was erroneous, and prejudicial to the rights of the defendant, because it predicated the liability of the defendant upon a condition which was not a part of the original contract.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It follows that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.